

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Milton Tatum
District Attorney
Dalhart, Texas

Dear Sir:

Opinion No. O-2328
Re: May a district judge appoint
a district attorney pro tem
or special district attorney
to try a case where the regu-
larly elected district attor-
ney is disqualified? And
related questions.

We have received your letter, wherein you request
the opinion of this department upon the above stated ques-
tions. Your letter reads as follows:

"There is pending on the docket of
the District Court in Dallam County, a
murder case in which I was one of the
attorneys for the defendant prior to my
appointment as District Attorney.

"While under the Statute, I assume
that I, of course, am disqualified from
taking any part in the proceedings had in
the case in the future as well as Judge
Witherspoon who was the District Attorney
at the time the indictment was returned
and the trial of the case in the preceding
term of this court.

"Judge Witherspoon contemplates an
exchange of benches with some other Dis-
trict Judge in the Panhandle in the near
future in order that a number of cases
pending on the docket in which indictments
were returned during his term of District
Attorney may be legally disposed of includ-
ing this murder case.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The questions I desire to propound to you in regard to this murder case are the following:

### "Question 1.

"Could a District Judge appoint a District Attorney pro tem or special District Attorney to try this case, and if so would this District Attorney act and be entitled to compensation only during the actual trial of the case?

### "Question 2.

"Some of the interested parties desire to have some attorney appointed in advance and permit him to spend, say two weeks investigating the case on the theory that he could add this time to the actual trial of the case and collect for it off of the State and thereby make him a reasonable fee for his services.

"Could the State legally pay under these conditions compensation for a District Attorney pro tem while investigating a case in addition to the actual time consumed in the trial?

### "Question 3.

"The only authority I find for the appointment of a District Attorney pro tem is Article 31 of the Code of Criminal Procedure, providing whenever any District or County Attorney fails to attend any term of the District, County or Justice Court the Judge of said Court or such Justice may appoint some competent attorney to perform such duties of such District or County Attorney, who shall be allowed the same compensation for his service as is allowed the District Attorney or County Attorney. Said appointment shall not extend beyond the term of the court to which it is made and shall be vacated upon the appearance of the District or County Attorney.

"Does this article in fact authorize a Dis-

trict Judge to appoint a District Attorney pro
tem merely because I happen to be disqualified
in a given case, but I am present and in at-
tendance upon court?

### "Question 4.

"In any event if authority exists for the
appointment of a District Attorney pro tem and
one should be appointed who acts during the
actual trial or perhaps in advance thereof,
will any compensation to which he is entitled
have to be deducted from my salary?"

Article 25 of the Code of Criminal Procedure reads,
in part:

"Each district attorney shall represent
the State in all criminal cases in the dis-
trict courts of his district, except in cases
where he has been, before his election, em-
ployed adversely. * * *"

Article 31 of the Code of Criminal Procedure pro-
vides:

"Whenever any district or county attorney
fails to attend any term of the district, coun-
ty or Justice's court, the judge of said court
or such justice may appoint competent attorney
to perform the duties of such district or coun-
ty attorney, who shall be allowed the same com-
pensation for his services as is allowed the
district attorney or county attorney. Said ap-
pointment shall not extend beyond the term of
the court at which it is made, and shall be
vacated upon the appearance of the district or
county attorney."

We quote from 15 Tex. Jur., p. 389:

"Exercising his statutory power, the judge
may appoint any competent attorney or member of
the bar to perform the duties of district attor-
ney or county attorney. This power may be prop-
erly exercised where there exists a vacancy in
the office of district attorney, where the dis-

> trict attorney is temporarily disabled to
> act, or in any particular case where there
> may exist special reasons why he should not
> act.  The statute confers full power on the
> District Court to appoint, without any lim-
> it as to the time during which incumbency
> of office shall continue, excepting that
> the appointment may not extend beyond the
> term of court or the appearance of the regu-
> lar officer, and may be terminated at the
> pleasure of the court."

Also see State vs. Gonzales, 26 Tex. 197.

It was held in the case of Bennett vs. State, 27 Tex. 702, that in the absence of good cause for refusing an appointment, the District Judge may enforce its appointment of a district attorney pro tem by imposing an adequate punishment for the refusal.

Although the statutes are vague on the subject, part of the duties of a district attorney in representing the State in a criminal case is to investigate and thoroughly familiarize himself with the facts, in order that he can properly represent the State in court.  It can hardly be said that a district attorney could be expected to walk into court and enter into the trial of the case without first having studied and investigated same.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department, in answer to your first and second questions, that a district judge may appoint a district attorney pro tem to dispose of a criminal case in which the regularly elected district attorney is disqualified; that such appointment may be made sufficiently in advance of the trial to give him an opportunity to investigate and familiarize himself with the facts of the case; and that such district attorney pro tem is entitled to compensation during the entire period of such appointment.

The answer to your first and second questions precludes the necessity of an answer to your third question.

Article 31, Code of Criminal Procedure, supra, provides that a district or county attorney pro tem shall be allowed the same compensation for his services as is allowed the district or county attorney.

Article 3886f, Vernon's Civil Statutes, reads, in part, as follows:

> "Sec. 1.  From and after January 1, 1936, in all Judicial Districts of this State the District Attorney in each such District shall receive from the State as pay for his services the sum of Four Thousand Dollars ($4,000) per year, which said Four Thousand Dollars ($4,000) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorney by the Constitution of this State; * * *

> "Sec. 2.  All monies heretofore appropriated by the Legislature to pay fees, salaries and per diem accounts of the officers named in this Act are hereby reappropriated for the purpose of paying the salaries fixed by this Act."

Although the statutes quoted do not specifically provide that the salary of the district attorney pro tem shall be determined by the number of days he serves, we believe that the most practical way of calculating his compensation is to divide the annual salary of the district attorney by 365 and multiply the quotient by the number of days actually served by such district attorney pro tem.

In our Opinion No. O-1529, a copy of which is enclosed herewith for your information, it is held that the regular salary of a county judge is not to be reduced by the amount that is paid to a special judge. We see no reason why the same rule should not apply in instances where it is necessary to appoint a district attorney pro tem or special district attorney.

Therefore, in answer to your fourth question, it is the opinion of this department that the regular district attorney's salary is not to be reduced by the amount that is paid to the district attorney pro tem.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

APPROVED MAY 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *D. Burle Daviss*

D. Burle Daviss
Assistant

DBD:RS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN